UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRUDENCIO HERNANDEZ and SIMON TINEO, individually and on behalf of all other persons similarly situated who were employed by NYC1 LLC, and/or 62ND & 1ST LLC d/b/a Neely's Barbecue Parlor, and/or 90 WASHINGTON REST. ASSOCIATES, LLC d/b/a Merchants NY Café, and/or 301 SOUTH LLC d/b/a Southwest NY and/or Richard Cohn, and/or Andrew Emmet, and/or Ibrahim Merchant, | Case No.: 12-cv-7504 |

                                                            Plaintiffs,

                    -  against —

NYC1 LLC, and/or 62ND & 1ST LLC d/b/a Neely's Barbecue
Parlor, and/or 90 WASHINGTON REST. ASSOCIATES, LLC d/b/a
Merchants NY Café, and/or 301 SOUTH LLC d/b/a Southwest NY
and/or Richard Cohn, and/or Andrew Emmet, and/or Ibrahim
Merchant, and any other entities affiliated with or controlled by
NYC1 LLC, and/or 62ND & 1ST LLC d/b/a Neely's Barbecue
Parlor, and/or 90 WASHINGTON REST. ASSOCIATES, LLC d/b/a
Merchants NY Café, and/or 301 SOUTH LLC d/b/a Southwest NY
and/or Richard Cohn, and/or Andrew Emmet, and/or Ibrahim
Merchant,

                                                            Defendants.

**SECOND AMENDED
COMPLAINT**



        Name Plaintiffs Prudencio Hernandez and Simon Tineo, by their attorneys, Virginia &

Ambinder, allege upon knowledge to themselves and upon information and belief as to all other

matters as follows:

## PRELIMINARY STATEMENT

        1.        This action is brought pursuant to the Fair Labor Standards Act (hereinafter

referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*;

New York Labor Law §§ 663 and 650 *et seq.*; and 12 New York Codes, Rules, and Regulations

(hereinafter referred to as "NYCRR") § 146 *et seq.* to recover unpaid minimum wages, overtime

compensation, and spread of hours compensation owed to Named Plaintiffs Prudencio

Hernandez and Simon Tineo (hereinafter referred to as the "Named Plaintiffs"), and all similarly

situated persons who are presently or were formerly employed by NYC1 LLC, and/or 62ND & 1ST LLC d/b/a "Neely's Barbecue Parlor;" and/or 301 SOUTH END AVE RESTAURANT CORP. d/b/a "Merchants River House;" and/or 90 WASHINGTON REST. ASSOCIATES LLC d/b/a "Merchants NY Café;" and/or 301 SOUTH LLC d/b/a "Southwest NY" (collectively, "Restaurant Defendants"); and/or Richard Cohn, and/or Andrew Emmet, and/or Ibrahim Merchant (hereinafter collectively referred to as "Defendants").

2.      Beginning in approximately October 2006 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay minimum wages, overtime compensation, and spread of hours compensation to their employees.

3.      Under the direction of the Restaurant Defendants' owners, shareholders, corporate officers, and/or directors, Defendants instituted this practice of depriving their employees of the basic compensation for work performed, as mandated by federal and state labor laws.

4.      The Named Plaintiffs, on behalf of themselves and all other similarly situated individuals, have initiated this action seeking all compensation, including minimum wages, overtime compensation, and spread of hours compensation they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

<u>**VENUE**</u>

6.         Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

<u>**THE PARTIES**</u>

7.         Plaintiff Prudencio Hernandez is an individual who resides in New York, and who formerly worked for Defendants as a food preparer from approximately April 2012 to September 2012.

8.         Plaintiff Simon Tineo is an individual who resides in New York and who formerly worked for Defendants as a porter and dishwasher from approximately 2000 to September 2012.

9.         Upon information and belief, Defendant NYC1 LLC d/b/a Neely's is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 1125 1st Avenue, New York, NY 10065, and is engaged in the restaurant business.

10.       Upon information and belief, Defendant 62ND & 1ST LLC d/b/a Neely's Barbecue Parlor is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 1125 1st Avenue, New York, NY 10065, and is engaged in the restaurant business.

11.       Upon information and belief, Defendant 90 WASHINGTON REST. ASSOCIATES, LLC d/b/a Merchants NY Café is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 90 Washington Street, New York, NY 10006, and is engaged in the restaurant business.

-3-

12.      Upon information and belief, Defendant 301 SOUTH LLC d/b/a Southwest NY is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 301 South End Avenue, New York, NY 10280, and is engaged in the restaurant business.

13.      Upon information and belief, Defendant Richard Cohn is a resident of 111 Broadway, Suite 1202, New York, New York 10006, and is/or at all relevant times was, an officer, director, president, vice president, and/or owner of the Restaurant Defendants.

14.      Upon information and belief, Defendant Andrew Emmet is a resident of 420 East 23rd Street Apt. 5B, New York, New York, 10010, and is/or at all relevant times was, an officer, director, president, vice president, and/or owner of the Restaurant Defendants.

15.      Upon information and belief, Defendant Ibrahim Merchant is a resident of 80 8th Avenue #307, New York, New York, 10011, and is/or at all relevant times was, an officer, director, president, vice president, and/or owner of the Restaurant Defendants.

## CLASS ALLEGATIONS

16.      This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as the "FRCP") with respect to the New York Labor Law claims asserted herein.

17.      This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as wait staff, bus staff, hosts, bartenders, food runners, cooks, food preparers, dishwashers, cleaners, porters, and in other restaurant-related occupations, other than office and executive personnel.

18.      The putative class is so numerous that joinder of all members is impracticable.

The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

19.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: 1) whether the Defendants failed to pay minimum wages for all hours worked up to forty in one week; 2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week; and 3) whether the Defendants failed to pay one additional hour of pay at the basic minimum hourly rate each day on which the spread of hours exceeds 10.

20.     The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class were all subject to Defendants' policies and willful practices of failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week.

21.     The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

23.     Beginning in or about October 2006, Defendants employed numerous

individuals at Defendants' restaurants as wait staff, bus staff, hosts, bartenders, food runners, cooks, food preparers, dishwashers, cleaners, porters, and in other restaurant-related occupations.

24.     Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Restaurant Defendants constitute "enterprise[s] engaged in commerce."

25.     Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

26.     Upon information and belief, Plaintiffs constitute or constituted "employees," as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

27.     The payments made to Plaintiffs by Defendants constitute "wages," as that term is defined under New York Labor Law § 651.

28.     While working for Defendants, Plaintiffs were regularly required to perform work for Defendants, without receiving proper minimum wages, overtime compensation, and spread of hours compensation as required by applicable federal and state law.

29.     Plaintiff Prudencio Hernandez worked for Neely's Barbecue Parlor at 1125 First Avenue, New York, NY as a food preparer, from approximately April 2012 to September 2012.

30.     While working for Defendants, Plaintiff Hernandez normally worked 6 days per week. His schedule was as follows: Mondays and Tuesdays from 6:00 a.m. until 11:00 p.m.; Wednesdays from 1:00 p.m. until 11:30 p.m. or 12 a.m.; and Fridays and Saturdays from 11:00 a.m. until 11:30 p.m., and on Sundays, from 12:00 p.m. until 10:30 p.m.

31.     In sum, Plaintiff Hernandez typically worked approximately 75 to 80 hours per week.

32.     While working for the Defendants, Plaintiff Hernandez was paid $8.00 to $9.00 per hour for every hour that he worked. He did not receive overtime wages for the hours worked in excess of 40 hours each week.

33.     Plaintiff Simon Tineo was employed as a dishwasher and a porter for Defendants from approximately 2000 until September 2012.

34.     Specifically, Plaintiff Tineo worked at Southwest NY from 2000 until 2011. During this time, he simultaneously worked at Merchants NY Café, as he was routinely sent there while working at Southwest NY.  Thereafter, Plaintiff Tineo worked at Neely's Barbecue Parlor from June 2012 until September 2012.

35.     While working for Defendants, Plaintiff Tineo normally worked 6 days a week. He typically worked between 11 and 12 hours per day.   Specifically, while employed at Southwest NY and Merchants NY Cafe, he would typically work from 4:00 p.m. until 3:00 a.m. While employed at Neely's, he would typically work from 6:00 a.m. until 6:00 p.m.

36.     In sum, Plaintiff Tineo typically worked approximately 66 to 72 hours per week.

37.     Plaintiff Tineo was paid between $6.00 and $7.00 per hour for every hour that he worked.

38.     Plaintiffs Tineo was not paid the minimum wage for every hour that he worked.

39.     Plaintiffs were not paid overtime at time and one-half their regular hourly wage for all the hours over 40 that they worked.

40.     Plaintiffs also did not receive spread of hours compensation of an additional hours' pay for every day in which they worked more than 10 hours.

41.      While working for Defendants, other members of the putative class were similarly paid at a rate below the statutory minimum wage, were not paid overtime compensation although they typically worked more than 40 hours per week, and did not receive spread of hours pay.

42.      Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable New York State law by failing to maintain proper payroll records.

43.      Upon information and belief, Defendants Richard Cohn, Andrew Emmet, Ibrahim Merchant, and the Restaurant Defendants operate as part of a single integrated enterprise, all under the corporate umbrella of "Merchants Hospitality," that employed or jointly employed Plaintiffs at all relevant times.

44.      Defendants are a single and/or joint employer under the FLSA and NYLL in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Plaintiffs, including payroll practices. Upon information and belief, each Defendant has had substantial control of Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

45.      Upon information and belief, Defendants Richard Cohn, Andrew Emmet and Ibrahim Merchant are officers, directors, shareholders, and/or presidents or vice presidents of Restaurant Defendants, and (i) had the power to hire and fire employees for Restaurant Defendants; (ii) supervised and controlled employee work schedules or conditions of employment for Restaurant Defendants; (iii) determined the rate and method of payment for Restaurant Defendants' employees; and (iv) maintained employment records for Restaurant Defendants.

46.       Upon information and belief, Defendants Richard Cohn, Andrew Emmet and Ibrahim Merchant dominated the day-to-day operating decisions of the Restaurant Defendants, made major personnel decisions for Restaurant Defendants, and had complete control of the alleged activities of Restaurant Defendants that give rise to the claims brought herein.

47.       Upon information and belief, Defendants Richard Cohn, Andrew Emmet and Ibrahim Merchant are the supervisors, officers and/or agents of Restaurant Defendants, who acted directly or indirectly in the interest of Restaurant Defendants, and is or was an employer within the meaning of the Fair Labor Standards Act. Richard Cohn, Andrew Emmet and Ibrahim Merchant, in their capacity as officers, directors, shareholders, and/or presidents or vice presidents, actively participated in the unlawful method of payment for Restaurant Defendants' employees.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

48.       Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 47 hereof.

49.       Pursuant to 29 U.S.C. § 206(a)(1), "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than . . . $7.25 an hour."

50.       Pursuant to 29 U.S.C. § 203(d), an "employer" includes, "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ."

51.       Restaurant Defendants constitutes "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the

FLSA.

52.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Defendants Richard Cohn, Andrew Emmet, and Ibrahim Merchant constitute "employers" for the purpose of the FLSA and, consequently, are liable for violations of the FLSA.

53.     Defendants failed to pay the Named Plaintiffs and other members of the putative class minimum wages for all hours worked.

54.     In failing to pay the Named Plaintiffs and other members of the putative class their minimum wages for all hours worked, Defendants violated the FLSA, §§ 206(a)(1).

55.     Upon information and belief, Defendants' failure to pay Plaintiffs' their minimum wages was willful.

56.     By the foregoing reasons, Defendants have violated the FLSA, §§ 206(a)(1) and are liable to Plaintiffs who performed work for Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

57.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 56 hereof.

58.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

59.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer . . . ."

60.     Plaintiffs and other members of the putative class are employees, within the

meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

61.     Restaurant Defendants constitute "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d)., and consequently, are liable for violations of the FLSA. § 203(d).

62.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Defendants Richard Cohn, Andrew Emmet, and Ibrahim Merchant constitute "employers" for the purpose of the FLSA and, consequently, are liable for violations of the FLSA.

63.     Defendants failed to pay the Named Plaintiffs and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

64.     Upon information and belief, the failure of Defendants to pay the Named Plaintiffs and other members of the putative class their rightfully owed overtime compensation was willful.

65.     By the foregoing reasons, Defendants are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK STATE MINIMUM WAGE COMPENSATION

66.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 65 hereof.

67.     Pursuant to New York Labor Law § 652, every employer is required to pay their employees minimum wage.

68.     Pursuant to Labor Law § 651, the term "employee" means, "any individual

employed or permitted to work by an employer in any occupation."

69.     As persons employed for hire by Defendants, the Named Plaintiffs and other members of the putative class are "employees."

70.     Restaurant Defendants are "employers" within the meaning of § 651.

71.     Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Defendants Richard Cohn, Andrew Emmet, and Ibrahim Merchant are "employers."

72.     In failing to pay the Named Plaintiffs and other members of the putative class their minimum wages for all hours worked, Defendants violated New York Labor Law § 663 and 12 NYCRR §§ 146, *et seq.*

73.     Upon information and belief, Defendants' failure to pay the Named Plaintiffs and other members of the putative class their minimum wages was willful.

74.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR §§ 146, *et seq.* and are liable to the Named Plaintiffs and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK STATE OVERTIME COMPENSATION

75.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 74 hereof.

76.     Pursuant to Articles 6 and 19 of the New York Labor Law, workers, such as the Named Plaintiffs and other members of the putative class, are protected from wage underpayments and improper employment practices.

77.     Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee

for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek...."

78.     Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

79.     As persons employed for hire by Defendants, the Named Plaintiffs and other members of the putative class are "employees," as understood in Labor Law § 651 and case law interpreting the same.

80.     Restaurant Defendants are "employers" within the meaning of § 651.

81.     Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Defendants Richard Cohn, Andrew Emmet, and Ibrahim Merchant are "employers."

82.     The Named Plaintiffs and other members of the putative class worked more than forty hours per week while working for Defendants.

83.     Upon information and belief, the Named Plaintiffs and other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.

84.     Consequently, by failing to pay to the Named Plaintiffs and other members of the putative class overtime compensation, Defendants violated New York Labor Law §§ 650 *et seq.*, and 663; and 12 NYCRR § 146-1.4.

85.     Upon information and belief, Defendants' failure to pay the Named Plaintiffs and other members of the putative class overtime compensation was willful.

86.     By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq.* and 663; and 12 NYCRR § 146-1.4, and are liable to the Named Plaintiffs and other

members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK STATE SPREAD OF HOURS COMPENSATION

87.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 86 hereof.

88.     Title 12 NYCRR § 146-1.6(a) requires that, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

89.     Named Plaintiffs and other members of the putative class to worked more than 10 hours in a day.

90.     Upon information and belief, Defendants did not pay the Named Plaintiffs and other members of the putative class an additional hour's pay when they worked more than 10 hours in a day.

91.     Consequently, by failing to pay to the Named Plaintiffs and other members of the putative class an additional hour's pay when they worked more than 10 hours in a day, Defendants violated 12 NYCRR § 146-1.6(a).

92.     Upon information and belief, Defendants' failure to pay "spread of hours" compensation for work performed by the Named Plaintiffs and other members of the putative class after 10 hours in a day was willful.

93.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6(a), and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of those similarly situated, demand judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs,

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs,

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs,

(5) on the fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, and

(6) Any further relief the Court may deem appropriate.

Dated: New York, New York
       February 27, 2013

By:    _____
       Lloyd Ambinder, Esq.
       Leonor H. Coyle, Esq.
       Suzanne B. Leeds, Esq.
       Virginia & Ambinder, LLP
       111 Broadway, Suite 1403
       New York, New York 10006
       lcoyle@vandallp.com
       Tel:    (212) 943-9080
       Fax:    (212) 943-9082

       *Attorneys for Plaintiffs and Putative Class*